UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────────────┐
│ USDC SDNY                                     │
│ DOCUMENT                                      │
│ ELECTRONICALLY FILED                          │
│ DOC #:_____                        │
│ DATE FILED:  8/15/2025                        │
└─────────────────────────────────────────────┘
```

ADRIANA NOKAJ, et al.,

                                    Plaintiffs,

                    -against-

PAPPAS NEW YORK, et al.,

                                    Defendants.

24-CV-01076 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

### INTRODUCTION

Plaintiffs bring this purported collective and class action against their former employers, asserting claims for: unpaid minimum wage under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") (Counts I and IV); unpaid overtime under FLSA and NYLL (Counts II and V); retaliation under FLSA and NYLL (Counts III and VIII); unpaid spread-of-hours premiums under NYLL (Count VI); misappropriated gratuities under NYLL (Count VII); untimely wage payments under NYLL (Count IX); nonpayment of wages under NYLL (Count X); civil damages for fraudulent filing of information returns under 26 U.S.C. § 7434(a) (Count XI); discrimination under New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL") (Counts XII and XIV); and retaliation under NYSHRL and NYCHRL (Counts XIII and XV).  Individual Defendants Joseph Licul and Dennis Turcinovic move to dismiss all claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the Court dismisses the claims under NYSHRL, NYCHRL, and 26 U.S.C. § 7434(a) as to only Licul and Turcinovic, and otherwise denies the motion to dismiss.

## BACKGROUND

### I.    FACTUAL BACKGROUND[1]

Plaintiffs comprise servers, cooks, bartenders, barbacks, and other workers formerly employed at Pappas New York ("Pappas"), a restaurant owned and operated by Defendants. AC ¶¶ 77–79. They allege that Defendants regularly required them to perform unpaid work before and after their scheduled shifts and required them to undergo a period of unpaid training. *Id.* ¶¶ 82–83. Although Plaintiffs worked over 40 hours per week, Defendants failed to pay them overtime premiums. *Id.* ¶ 255. Additionally, Defendants failed to pay Plaintiffs minimum wage, failed to pay Plaintiffs spread-of-hour premiums; paid Plaintiffs late; failed to provide Plaintiffs with proper wage notices and accurate wage statements; and failed to maintain proper time and payroll records. *Id.* ¶¶ 256–59. During the course of their employment, which began around February 2023, certain Plaintiffs complained about being improperly paid and not receiving appropriate compensation for their hours worked. *Id.* ¶¶ 79, 120, 196, 219, 230, 241, 251–52. Plaintiffs, who are predominantly of Albanian origin, also allege they were subjected to discriminatory comments and threats based on their national origin. *Id.* ¶¶ 262–63. Around December 17, 2023, all Plaintiffs were fired from Pappas, while the restaurant retained all non-Albanian workers. *Id.* ¶ 263.

---

[1] The Court draws the facts in this decision principally from the Amended Complaint, Dkt. No. 24 ("Amended Complaint" or "AC"). *See DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010) ("In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint."). For purposes of the motion to dismiss under Rule 12(b)(6), the Court accepts all factual allegations in the Amended Complaint as true, drawing all reasonable inferences in Plaintiffs' favor.

## II.    PROCEDURAL HISTORY

Plaintiffs filed an initial Complaint on February 14, 2024, Dkt. No. 1, which they amended on May 10, 2024, Dkt. No. 24.  Defendants Pappas OG, LLC; Pappas New York; and Danielle Jimenez Marine answered on June 10, 2024, denying Plaintiffs' substantive allegations and asserting cross claims for contribution and indemnity against Defendants Dream Hospitality Group, LLC; George Karavias; Joseph Licul; and Dennis Turcinovic.  Dkt. No. 27.  Defendants Licul and Turcinovic filed a motion to dismiss the Amended Complaint on August 5, 2024.  Dkt. No. 41 ("Motion").  On September 17, 2024, Plaintiffs filed a response, Dkt. No. 46 ("Opposition"), and Licul and Turcinovic filed a reply on September 24, 2024, Dkt. No. 49 ("Reply").

### DISCUSSION

Licul and Turcinovic argue that the Court should dismiss all fifteen counts against them for failure to state a claim.  They assert that the Amended Complaint lacks specificity and merely makes conclusory allegations or general allegations that do not provide necessary detail or identify actions taken by particular individuals.  *See generally* Motion.  Relatedly, they assert that the Amended Complaint fails to allege that Licul and Turcinovic specifically, as individuals, are liable for any of the alleged violations.  *See id.* at 1–2.

## I.    LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint is properly dismissed where,

3

as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. When resolving a motion to dismiss, the Court must assume all well-pleaded facts to be true, "drawing all reasonable inferences in favor of the plaintiff." *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012). That tenet, however, does not apply to legal conclusions. *See Iqbal*, 556 U.S. at 678. Pleadings that offer only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## II.    FLSA AND NYLL CLAIMS

The Amended Complaint plausibly states a claim for every cause of action brought under FLSA and NYLL because Plaintiffs adequately allege both the substantive elements of those violations and that Licul and Turcinovic may be held liable for the violations as Plaintiffs' employers.

### A.  Individual Liability

As an initial matter, Licul and Turcinovic may be held individually liable for the FLSA and NYLL violations alleged in the Amended Complaint—even where Plaintiffs do not specify actions taken individually by Licul and Turcinovic that caused the violations—because the Amended Complaint properly alleges that they exercised sufficient control to qualify as employers under both statutes.

"[T]he FLSA permits 'an individual within a company that . . . employs a worker [to be held] personally liable for damages as that worker's employer.'" *Inclan v. New York Hosp. Grp., Inc.*, 95 F. Supp. 3d 490, 507 (S.D.N.Y. 2015) (internal quotation marks omitted) (quoting *Irizarry v. Catsimatidis,* 722 F.3d 99, 105 (2d Cir. 2013)). FLSA defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Second Circuit has directed courts to evaluate employee-employer

4

relationships "on a case-by-case basis by review of the totality of the circumstances," and has "identified different sets of relevant factors based on the factual challenges posed by particular cases" to guide this inquiry. *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 308 (S.D.N.Y. 2011) (internal quotation marks omitted) (quoting *Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 141–42 (2d Cir. 2008)). Looking to these factors, "[i]n its narrowest form, this analysis evaluates whether an alleged employer exercised formal control, and at its broadest it evaluates functional control." *Hsieh Liang Yeh v. Han Dynasty, Inc.*, No. 18-CV-06018 (PAE), 2019 WL 633355, at *5 (S.D.N.Y. Feb. 14, 2019). Therefore, "the exercise of formal control over employees is sufficient, but not necessary, to adequately allege an employer relationship." *Id.* (internal quotation marks omitted) (quoting *Xiaoyan Liu v. Canteen 82 Inc.*, No. 17-CV-07862 (KPF), 2018 WL 6067228, at *5 (S.D.N.Y. Nov. 20, 2018)).

Courts consider four factors to determine whether someone is an employer on a theory of formal control: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984) (internal quotation marks and citation omitted). "The statutory standard for employer status under the NYLL is nearly identical to that of the FLSA," and as a result, "district courts in this Circuit have consistently interpreted the definition of 'employer' under the New York Labor Law coextensively with the definition used by the FLSA." *Williams v. Epic Sec. Grp.*, 358 F. Supp. 3d 284, 305 (S.D.N.Y. 2019) (internal references omitted).

The Amended Complaint alleges that Licul and Turcinovic were directors and owners of Pappas who "exercised control over the employment terms and conditions of Plaintiffs and

exercised the power and authority to (i) fire and hire [and] (ii) determine the rate and method of pay. . . ."  AC ¶¶ 56–60, 66–70.  In their motion to dismiss, Licul and Turcinovic do not argue that the Amended Complaint fails to allege formal control.  Indeed, they appear to admit that they had managerial authority over the restaurant.  *See* Motion at 1 ("Defendants Joseph Licul and Dennis Turcinovic took over management of Pappas on or about April 2023 and left on December 2023.").  Nothing more is required at this stage of the case.  Accordingly, the Court finds that the Amended Complaint sufficiently alleges that Licul and Turcinovic are employers who can be subject to liability under both FLSA and NYLL.

### B.  Minimum Wage, Overtime, and Spread-of-Hours Claims

Turning to the substance of the allegations, the Amended Complaint sufficiently pleads facts to state minimum wage, overtime, and spread-of-hours claims under both FLSA and NYLL, which can properly be brought against Licul and Turcinovic for the reasons stated above.  Under both statutes, covered employees are required to be paid certain minimum wage rates and compensated at an overtime rate of one-and-one-half times their regular hourly pay for time worked in excess of 40 hours in a week.  *See* 29 U.S.C. §§ 206, 207(a)(1); NYLL § 663(1); 12 NYCRR § 146-1.4.  In addition, NYLL requires that employers pay covered employees one extra hour of compensation, at the basic minimum wage rate, for each day on which the "spread of hours exceeds 10 hours" or where there is a split shift.  12 NYCRR § 146-1.6.

"To state a FLSA minimum wage claim, a plaintiff must allege hours worked for which he or she did not receive a minimum wage."  *Hernandez v. Spring Rest Grp., LLC*, No. 17-CV-06084 (AJN), 2018 WL 3962832, at *3 (S.D.N.Y. Aug. 17, 2018).  "[T]o state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours."  *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013).  "Courts apply the same analysis for FLSA and

6

NYLL wage and hour violations, except that the NYLL does not require plaintiffs to show a nexus with interstate commerce or a minimum amount of annual sales." *Tackie v. Keff Enters. LLC*, No. 14-CV-02074 (JPO), 2014 WL 4626229, at \*2 n.2 (S.D.N.Y. Sept. 16, 2014) (citing *Alvarez v. Michael Anthony George Const. Corp.*, 15 F. Supp. 3d 285, 291 (E.D.N.Y. 2014)).  To state a NYLL spread-of-hours claim, a plaintiff must allege that he or she worked "more than ten hours per day . . . and [was] not paid an additional hour at the minimum wage rate for days in which [he or she] worked [ten] or more hours."  *Nguyen v. Pho Vietnam 87 Corp.*, No. 23-CV-04298 (JLR) (VF), 2025 WL 564546, at \*4 (S.D.N.Y. Jan. 31, 2025) (quotation omitted), *report and recommendation adopted,* 2025 WL 562763 (S.D.N.Y. Feb. 19, 2025).

Plaintiffs have met their burden here because the Amended Complaint specifies each plaintiff's work schedules, alleging that they worked over 40 hours per week without receiving an overtime premium, that they worked at least ten hours on some days without receiving a spread-of-hours-premium, and that they were uncompensated for some hours such that their hourly pay fell below the required minimum.  *See Anderson v. Hudson Nat'l Golf Club, Inc.,* No. 23-CV-00522 (KMK), 2024 WL 4241359, at \*12 (S.D.N.Y. Sept. 19, 2024) ("Plaintiffs have plausibly alleged unpaid-overtime claims because they have averred that their regularly scheduled workweek[s] . . . included more than forty hours of work.") (internal references omitted); *id.* at \*7 ("To state a plausible minimum wage claim, 'it is sufficient for a plaintiff to allege facts about [his or] her salary and working hours, such that a simple arithmetical calculation can be used to determine the amount owed per pay period.'") (quoting *Su v. Advanced Care Staffing, LLC*, 733 F. Supp. 3d 119, 131 (E.D.N.Y. 2024)).

Contrary to Defendants' argument, the specificity of the Amended Complaint's allegations is sufficient for Plaintiffs' claims to survive a motion to dismiss.  *See Huerta v. J.D.*

*Workforce, Inc.*, No. 23-CV-05382 (KMK), 2025 WL 674329, at *6 (S.D.N.Y. Mar. 3, 2025) ("[T]he Second Circuit recently clarified that '[s]o long as the complaint adequately alleges that . . . . each [plaintiff] worked more than forty hours each week they were employed . . . that is enough to state a claim under the FLSA and defeat a motion to dismiss.") (quoting *Herrera v. Comme des Garcons, Ltd.*, 84 F.4th 110, 112 (2d Cir. 2023)); *Bachayeva v. Americare Certified Special Servs., Inc.*, No. 12-CV-01466 (RRM), 2013 WL 1171741, at *6 (E.D.N.Y. Mar. 20, 2013) ("The burden placed on plaintiffs is not an onerous one.  They are not required to state every single instance of overtime work or to state the exact amount of pay which they are owed; instead, they are only required to provide some approximation of the overtime hours that they worked.") (quotations omitted).

### C. Non-payment and Untimely Payment Claims

NYLL requires that a "manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned," NYLL § 191, and affords a private right of action to employees who are not timely paid, *see Zachary v. BG Retail, LLC*, 716 F. Supp. 3d 339, 347 (S.D.N.Y. 2024).  Along similar lines, NYLL permits employees to recover wages that are not paid at all.  NYLL § 198.  The Court readily concludes that Plaintiffs have stated a claim under each provision by alleging that Defendants paid Plaintiffs every two to three weeks and that Defendants failed to pay Plaintiffs for work provided during training weeks. *See, e.g.,* AC ¶¶ 83, 87, 93, 97, 101, 109.

### D. Misappropriated Gratuities

Under NYLL, "[n]o employer . . . shall . . . retain any part of a gratuity or of any charge purported to be a gratuity for an employee."  NYLL § 196-d.  Section 196-d applies to managers and employees with "meaningful or significant authority or control over subordinates" who are ineligible to share in tips.  *Salinas v. Starjem Rest. Corp.*, 123 F. Supp. 3d 442, 465 (S.D.N.Y.

2015) (quoting *Barenboim v. Starbucks Corp.*, 21 N.Y.3d 460, 473 (2013)).  Although the Amended Complaint does not specifically identify Licul and Turcinovic as having individually misappropriated gratuities, it does allege that all Defendants failed to provide Plaintiffs with the tips they earned.  *See, e.g.,* AC ¶¶ 130, 191.  Given the Amended Complaint's allegations pertaining to Licul and Turcinovic's managerial control of Pappas, the Court finds it proper at this stage to allow Plaintiffs' Section 196-d claim to proceed against all Defendants.  *See supra* § II(A).

### E.  Retaliation

FLSA provides that it is "unlawful for any person . . . to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under [FLSA]."  29 U.S.C. § 215(a)(3).  Similarly, NYLL provides that an employer shall not "discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee . . . because such employee has made a complaint . . . that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates [NYLL]."  NYLL § 215(1)(a)(i).  FLSA and NYLL retaliation claims are governed by the same standard.  *Santi v. Hot in Here, Inc.*, No. 18-CV-03028 (ER), 2019 WL 290145, at *4 (S.D.N.Y. Jan. 22, 2019).  A plaintiff alleging retaliation under FLSA and NYLL must plead facts showing a prima facie case of retaliation, namely: "(1) participation in protected activity known to the defendant; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action."  *See Mullins v. City of New York*, 626 F.3d 47, 53–54 (2d Cir. 2010).

Plaintiffs have adequately pled all three elements.  First, the Amended Complaint alleges that Plaintiffs participated in protected activity by complaining about being improperly paid and not receiving appropriate compensation.  AC ¶ 273; *see also Greathouse v. JHS Sec. Inc.*, 784

F.3d 105, 107 (2d Cir. 2015) (holding that oral and written complaints to supervisors may constitute protected activity so long as the complaint is "sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection.") (internal references omitted). Second, the Amended Complaint alleges that Plaintiffs suffered an adverse employment action because they were terminated.  AC ¶ 274.  Third, a causal connection between the complaints and the terminations is specifically alleged and readily inferred by close temporal proximity. *See*, *e.g.,* AC ¶¶ 230, 241, 251–52; *see also Santi*, 2019 WL 290145, at *5.  Accordingly, drawing all permissible inferences in favor of Plaintiffs at this stage of the case, the Amended Complaint states a claim for retaliation under FLSA and the NYLL, for which Licul and Turcinovic can be held liable as employers.

## III.    CLAIM UNDER 26 U.S.C. § 7434

Plaintiffs assert a claim for civil damages for the fraudulent filing of information returns under 26 U.S.C. § 7434.  *See* AC ¶¶ 304–06.  That statute "provides a private right of action for an individual who was the subject of a falsely filed information return, allowing her to bring a civil action for damages against 'any person [who] willfully files a fraudulent information return with respect to payments purported to be made to' the individual."  *Rosario v. Fresh Smoothies LLC*, No. 20-CV-05831 (LJL), 2021 WL 5847633, at *6 (S.D.N.Y. Dec. 9, 2021) (quoting 26 U.S.C. § 7434(a)).  "To state a claim under § 7434, 'a plaintiff must allege facts to support that: (1) the defendant issued an information return; (2) the information return was fraudulent; and (3) the defendant willfully issued the fraudulent information return.'"  *Castro v. Hyper Structure Corp.*, No. 21-CV-01391 (ENV) (JRC), 2022 WL 2467242, at *8 (E.D.N.Y. March 7, 2022) (quoting *Mumn v. APF Mgmt. Co.*, No. 19-CV-10791 (CS), 2020 WL 7264471, at *4 (S.D.N.Y.

Dec. 10, 2020)); *see also Katzman v. Essex Waterfront Owners LLC*, 660 F.3d 565, 568–69 (2d Cir. 2011) (holding that willfulness is a required element of a claim under Section 7434).  In their motion to dismiss, Licul and Turcinovic argue that the Amended Complaint fails to plead a Section 7434 claim with the requisite specificity.  *See* Motion at 5–6.  The Court agrees because the Amended Complaint does not plead any facts that suggest Licul and Turcinovic acted willfully.

Although the Second Circuit has not defined the willfulness requirement of a Section 7434 claim, and district courts in this Circuit rarely address the issue, the Court agrees with Judge Román's conclusion in *Wang v. Leo Chuliya, Ltd.*, consistent with other tax code violations, that "Section 7434 requires showing that a defendant voluntarily and intentionally violated a legal duty."  No. 23-CV-02463 (NSR), 2024 WL 2221237, at *3 (S.D.N.Y. May 16, 2024).  "Therefore, to survive a motion to dismiss, a complaint must contain specific allegations supporting a plausible inference that a defendant voluntarily and intentionally filed a false information return."  *Id.*  The Amended Complaint alleges that Defendants failed to provide Plaintiffs with accurate IRS forms, failed to report all monies paid to Plaintiffs, and failed to properly report monies withheld.  AC ¶ 305.  Based on those facts, Plaintiffs allege in conclusory fashion that Defendants willfully filed fraudulent information returns.  That is not sufficient to plead willfulness as to Licul and Turcinovic.  *Wang*, 2024 WL 2221237, at *3 ("Plaintiff only conclusorily alleges that 'Defendants willfully filed fraudulent information returns with respect to payments purported to be made to Plaintiff,' and that '[t]hese information returns falsely stated that taxable income was received by Plaintiff and the [putative] Class in the form of wages and/or tips that were never actually paid.'"); *see also In re Domino's Pizza Inc.*, No. 16-CV-06274 (AJN), 2018 WL 1587593, at *8 (S.D.N.Y. Mar. 27, 2018) (dismissing Section 7434

claim where the "complaint [did] not contain any details or factual allegations—other than the alleged FLSA and NYLL violations—to support [a finding of willfulness]"); *Bao Guo Zhang v. Shun Lee Palace Rest., Inc.*, No. 17-CV-00840 (VSB), 2021 WL 634717, at *11 (S.D.N.Y. Feb. 16, 2021) (holding that assertions that defendants failed to keep accurate employment records and did not properly compensate plaintiffs were "insufficient to plead a plausible claim, much less a 'willful' filing of information returns") (quotation omitted).  More than mere filing of inaccurate returns is required to create a plausible inference that a defendant acted willfully, such as, for example, an allegation that the defendant accurately reported wages paid by check but omitted wages paid in cash, *see Collado v. Adolfo Meat Mkt. Corp.*, No. 22-CV-09366 (JGLC), 2025 WL 588063, at *3 (S.D.N.Y. Feb. 24, 2025)).  Here, the Amended Complaint alleges nothing whatsoever with respect to Licul and Turcinovic, much less with respect to their state of mind, or the state of mind of any entity under their control.  Consequently, the Section 7434 claim is dismissed as to Defendants Licul and Turcinovic.

## IV.    NYSHRL AND NYCHRL CLAIMS

Plaintiffs bring claims for discrimination and retaliation under both NYSHRL and NYCHRL.  As with Plaintiffs' other claims, Defendants Licul and Turcinovic object that the Amended Complaint does not make specific allegations about their conduct as individuals.  Motion at 7–8.  Plaintiffs respond that Licul and Turcinovic can be held individually liable for corporate violations of NYSHRL and NYCHRL based on the same allegations that establish individual liability under FLSA and NYLL.  Opposition at 9.  Plaintiffs are mistaken.  Licul and Turcinovic do not qualify as employers under NYSHRL or NYCHRL, and the Amended Complaint does not make allegations that otherwise state a NYSHRL or NYCHRL claim based on their individual conduct.

### A. Discrimination

#### 1. NYSHRL

"NYSHRL permits liability for discrimination by employers only." *Kulick v. Gordon Prop. Grp., LLC*, No. 23-CV-09928 (KPF), 2025 WL 448333, at \*9 (S.D.N.Y. Feb. 7, 2025) (emphasis omitted); *see also* N.Y. Exec. Law § 296(1)(a). Courts in this Circuit have routinely found that an individual defendant may be liable for discrimination where such individual is an "employer," within the meaning of the law. *Lee v. Riverbay Corp.*, 751 F. Supp. 3d 259, 288–89 (S.D.N.Y. 2024). However, "[a]s the New York Court of Appeals clarified in *Doe v. Bloomberg L.P.*, 143 N.Y.S.3d 286, 292 (2021), where a corporate entity is the plaintiff's employer, an individual affiliated with the entity cannot himself qualify as the employer under the NYSHRL." *Doyle v. Am. Glory Rest. Corp.*, No. 23-CV-07624 (PAE), 2024 WL 1466161, at \*8 (S.D.N.Y. Apr. 4, 2024). Under *Doe*, even "individual owners, officers, employees, or agents of a business entity" are not considered "employers" under NYSHRL. *Harding v. Doriton Cap. Advisors LLC*, 635 F. Supp. 3d 286, 297 (S.D.N.Y. 2022); *see also Bueno v. Eurostars Hotel Co.*, No. 21-CV-00535 (JGK), 2022 WL 95026, at \*7 (S.D.N.Y. Jan. 10, 2022) ("Under a recent decision by the New York Court of Appeals, a corporate employee—even its owner and CEO—no longer qualifies as an 'employer' under [NYSHRL].") Therefore, Licul and Turcinovic are not employers for purposes of the NYSHRL, and the discrimination claims against them must be dismissed.

#### 2. NYCHRL

The holding in *Doe* applies equally to a claim under NYCHRL. *See Kent-Friedman v. N.Y. State Ins. Fund*, No. 18-CV-04422 (VM), 2023 WL 6292693, at \*8 (S.D.N.Y. Sept. 27, 2023) ("The *Doe* court ultimately held that the NYCHRL should be interpreted like the NYHRL[.]"). However, "[i]n contrast to the NYSHRL, the NYCHRL extends liability to

13

employees, not just employers, a feature of the statute that *Doe* itself recognizes." *Nezaj v. PS450 Bar & Rest.*, 719 F. Supp. 3d 318, 330 (S.D.N.Y. 2024). Therefore, individuals may incur liability under NYCHRL for their own personal discriminatory conduct. *Id.* But the Amended Complaint alleges nothing regarding Licul's or Turcinovic's own conduct, and the NYCHRL discrimination claim against them must also be dismissed.

### B. Retaliation

"The NYSHRL and NYCHRL both permit individual liability of *any person* for retaliatory acts regardless of whether the individual can be considered an employer," so long as the "individual defendant . . . 'actually participates in the conduct giving rise to' the plaintiff's retaliation claim." *Torres v. N.Y. Methodist Hosp.*, No. 15-CV-01264 (PKC) (PK), 2016 WL 3561705, at *12 (E.D.N.Y. Jan. 7, 2016) (first quoting N.Y. Exec. Law § 296(7); and then quoting *Hozer v. Pratt Indus. (USA), Inc.*, 10-CV-03874, 2012 WL 2049498, at *1 n.1 (E.D.N.Y. June 6, 2012)); *see also Harte v. Pace Univ.*, No. 22-CV-03820 (ALC), 2024 WL 1348700, at *7 (S.D.N.Y. Mar. 29, 2024) ("'[I]ndividual employees who actually participate[d] in the conduct giving rise to plaintiff's retaliation claim' may be held individually liable under both the NYSHRL and NYCHRL.") (quoting *Schaper v. Bronx Lebanon Hosp. Ctr.*, 408 F. Supp. 3d 379, 395 (S.D.N.Y. 2019)). But, again, the Amended Complaint does not allege that Licul and Turcinovic personally participated in any retaliatory conduct, so Plaintiffs have not stated a claim against them for retaliation under either NYSHRL or NYSCHRL.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is GRANTED IN PART and DENIED

IN PART.  Counts XI, XII, XIII, XIV, and XV of the Amended Complaint are hereby

DISMISSED as to Defendants Licul and Turcinovic only.  The remaining claims against all

Defendants remain.


Dated: August 15, 2025
       New York, New York

                                        SO ORDERED.



                                        MARGARET M. GARNETT
                                        United States District Judge